# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD A. BROMINSKI : 
**Plaintiff** :
: 
v. : No. 3:00cv1142
: 
COUNTY OF LUZERNE, THOMAS A. : 
MAKOWSKI, FRANK P. CROSSIN, : 
JOSEPH JONES, all individually, and in : (Judge Munley)
their official capacity as Luzerne County : 
Commissioners, JAMES V. SENAPE, JR., : **FILED**
Chairman, MAUREEN RUDNICKI, and : **SCRANTON**
WILIAM J. JOYCE, all individually and : 
in their official capacity on the Luzerne : AUG 2 8 2001
County Board of Assessment Appeals, : 
**Defendants** : PER _____
: DEPUTY CLERK

## MEMORANDUM

Before the court for disposition is the motion to dismiss pursuant to Federal Rules of

Civil Procedure 12(b)(6) and 12(f) filed by the defendants in the instant case. The parties in

this action are the plaintiff Edward A. Brominski and the defendants are Luzerne County,

Thomas A. Makowski, Frank P. Crossin, Joseph Jones, James Senape, Jr., Maureen

Rudnicki and William J. Joyce (hereinafter "Defendants"). For the following reasons, the

defendants' motion to dismiss will be granted in part and denied in part.

**Background**

In August 1992, Luzerne County hired the plaintiff to serve as its Chief Clerk of

Assessment. Comp. § 12. In December 1999, as part of its annual budgeting process, the

County finalized the 2000 fiscal year budget. In order to meet the parameters of the budget

and the total amount of salaries that were allowed, the county realigned certain departments and eliminated certain positions from the budget, including three (3) full-time positions in the County Assessor's office.  After the budget was adopted on December 30, 1999, the plaintiff was notified of the elimination of his position and his termination.

In January 1999, the plaintiff announced his candidacy and sought the democratic nomination for the office of County Commissioner of Luzerne County.  Plantiff was unsuccessful in his campaign for County Commissioner.  Plaintiff claims that he was terminated from his position in retaliation for exercising his constitutional rights.

The plaintiff filed the instant complaint on June 26, 2000 asserting three counts against the defendants.  The first count is a claim under 42 U.S.C. § 1983 for purported violations of plaintiff's First Amendment rights.   The second count is a claim for a violation of Pennsylvania's Whistleblower law, 43 P.S §§ 1421, et seq.  The third count is a conspiracy claim under 42 U.S.C. § 1983.

On September 19, 2000, the defendants filed a motion to dismiss.  Since the filing of the motion to dismiss, the plaintiff has conceded the following: 1) that the claims against the individually named defendants in their official capacities must be dismissed; and 2) that the request for punitive damages under the Whistleblower Law be stricken as the Whistleblower Law does not allow such remedy.  We will therefore grant the motion to dismiss the complaint with regard to those two points.

Hence, there are two remaining arguments presented by the defendants in their motion to dismiss.  First, the defendants argument that the claims against the individual

defendants in their individual capacity should be dismissed.  Second, the defendants contend

that the plaintiff's § 1983 conspiracy claim must be dismissed.   The motion has been

briefed, and oral argument was held on February 1, 2001.  Therefore, the matter is now ripe

for disposition.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed if

the complaint fails to state a claim upon which relief can be granted.  A complaint should

not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.  Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46

(1957)); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).  In

considering a motion to dismiss, all allegations in the complaint must be accepted as true and

viewed in the light most favorable to the non-moving party. Rocks v. City of Phila., 868

F.2d 644, 645 (3d Cir. 1989) (citations omitted).

**A.     Claims Against Individual Defendants in Individual Capacities**

Defendants claim that they are immune from suit for their actions because of

legislative immunity.  To establish this, they have attached several exhibits to their motion to

dismiss.  The Third Circuit Court of Appeals has held that a court, in considering a motion

to dismiss, can examine documents or exhibits that are attached to and described in the

complaint.  See Chester County Intermediate Unit. v. Pennsylvania Blue Shield, 896 F.2d

808, 812 (3d Cir. 1990).

3

In the instant case, however, the exhibits are not attached to the complaint. Rather, as stated above, the exhibits are attached to defendants' motion to dismiss. Thus, this Court is reluctant to examine these documents for purposes of this motion. The only record that is actually before us at this point is the plaintiff's complaint.

Although, the Third Circuit has never ruled on whether a court can consider documents attached to a defendant's motion to dismiss, other courts sitting within the Third Circuit have been reluctant to examine documents not attached to the complaint unless those documents have been authenticated and incorporated by reference into the complaint. See Berk v. Ascott Investment Corp., 759 F. Supp. 245 (E.D.Pa. 1991); Provident National Bank v. Frankford Trust Co., 468 F. Supp. 448 (E.D.Pa.1979). In the instant case, all the documents have not been authenticated nor were they incorporated by reference into the complaint. The complaint did not specifically refer to any one document, but rather referred to the budget and termination letter in general terms. We also find that further discovery may assist both parties in determining if the decision made with regard to the plaintiff was in fact legislative in nature.[1]

Whether the defendant can demonstrate that the claims against the individual defendants in their individual capacities should be dismissed remains to be seen. For the purposes of this motion, however, plaintiff is entitled to the presumption that his allegations with regard to this claim are true. Gluck v. Unisys Corp., 960 F.2d 1168, 1175 (3d

---

[1]Legislative immunity, an absolute immunity, should be invoked when officials' actions are legislative in nature. Gallas v. Supreme Court, 211 F.3d 760 (3d Cir. 2000).

4

Cir.1992).  Therefore, we will deny the defendants' motion to dismiss with regard to this claim.  Our decision is made without prejudice to defendants' right to move for summary judgment at a later date.

## B.      Section 1983 Conspiracy Claim

The defendants allege that the plaintiff's conspiracy claim is defective because he does not allege that two or more persons conspired against him.[2]  The defendants argue that the defendants, who are all employees of Luzerne County cannot be alleged to have conspired among themselves regarding the termination of the plaintiff.  Upon review of the case law within the Third Circuit regarding a conspiracy, we find that we cannot dismiss the conspiracy claim against the defendants in their individual capacity.[3]

Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation.  Jackson v. T & N Van Service, 2000 WL 562741, *5 (E.D.Pa.).  This theory has been applied to governmental authorities in Pennsylvania, but it appears that many of the cases involving discussions of intracorporate conspiracy regarding governmental entities have not dealt with the status of defendants sued in their individual capacity.  See, e.g., Parkway Garage Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993).

----

[2]The defendants do not address any exhibits in supporting this claim in their motion to dismiss.

[3]If evidence is submitted by the parties at a later date that demonstrates that the individual defendants are entitled to legislative immunity and that the § 1983 claims should be dismissed, we will likely find that the instant § 1983 conspiracy claim would also have to be dismissed.  Our analysis deals with the viability of the conspiracy claim aside from any legislative immunity discussion.

While agents acting on behalf of a single legal entity normally cannot conspire with themselves or with the entity, "a section 1985(3) conspiracy between a corporation and one of its officers may be maintained if the officer is acting in a personal, as opposed to official capacity . . ." Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 (3d Cir.1988). In the instant case, we find that the individual defendants are alleged to have acted in an individual as opposed to an official capacity. Under such circumstances, we find that the plaintiff is not precluded from pursuing a conspiracy claim.

In a recent case, a court sitting within the Third Circuit found that individual defendants, who were all employees of a governmental entity, could conspire with one another in their individual capacities. See Poli v. SEPTA, 1998 WL 405052, *14 (E.D.Pa.) (citing Novotny v. Great American Federal Sav. & Loan Assoc., 584 F.2d 1235, 1238 (3d Cir.1978), vacated on other grounds, 442 U.S. 366 (1979); Bedford v. SEPTA, 867 F. Supp. 288, 295 (E.D.Pa.1994)). That court held that a conspiracy claim is subject to dismissal "only to the extent that liability is asserted against governmental employees acting in their official capacities." Poli, 1998 WL 405052, *14 (citing Scott v. Township of Bristol, 1990 WL 178556, *7 (E.D.Pa.)). In making their argument, the defendants cite no Third Circuit case law that provided support for the argument that defendants sued in their individual capacity cannot conspire among themselves. Therefore, based on the above analysis and case law, we find that we cannot grant the motion to dismiss the conspiracy claim against the individually named defendants in their individual capacities.

**Conclusion**

6

For all of the above-mentioned reasons, we will grant the defendants' motion to dismiss with regard to the claims against the individually named defendants in their official capacities and the request for punitive damages under the Whistleblower law . However, we will deny the motion to dismiss with regard to the plaintiff's claims against the defendants in their individual capacities and with regard to the § 1983 conspiracy claim. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD A. BROMINSKI      :
       Plaintiff      :
     :
      v.      :      No. 3:00cv1142
     :
COUNTY OF LUZERNE, THOMAS A.    :
MAKOWSKI, FRANK P. CROSSIN,    :
JOSEPH JONES, all individually, and in    :      (Judge Munley)
their official capacity as Luzerne County    :
Commissioners, JAMES V. SENAPE, JR.,    :
Chairman, MAUREEN RUDNICKI, and    :
WILIAM J. JOYCE, all individually and    :
in their official capacity on the Luzerne    :
County Board of Assessment Appeals,    :
       Defendants      :

**FILED**
**SCRANTON**

AUG 2 8 2001

PER _____
     DEPUTY CLERK

---

### ORDER

**AND NOW**, to wit, this 28ᵀᴴ day of August 2001, it is hereby **ORDERED** that the motion to dismiss filed by the defendants [5-1] is **GRANTED** in part and **DENIED** in part.

The motion to dismiss is **GRANTED**, insofar as the claims against the individually named defendants in their official capacities are **DISMISSED** and the request for punitive damages under the Whistleblower law is **DENIED**.

8

However, the motion to dismiss is **DENIED** with regard to the plaintiff's claims against the defendants in their individual capacities[4] and with regard to the § 1983 conspiracy claim.

**BY THE COURT:**

**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[4]With regard to the plaintiff's claims against the individual defendants in their individual capacities, the motion to dismiss is **DENIED** without prejudice to raise such issues in a summary judgment motion.